**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Financial Recovery Services, Inc., | Case No. 25-cv-2209 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| John Doe, Doe Corporation, Does 1-10, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Financial Recovery Services, Inc.'s ("FRS") *ex parte* Motion for Leave to Conduct Expedited Discovery ("Motion") (ECF No. 10). FRS is a consumer debt collector. (*See* ECF No. 1 at 5.) It brings claims of trademark infringement, false and misleading advertising and promotion, unfair competition, and deceptive and unfair trade practices against the unidentified Defendants, whom FRS alleges have impersonated FRS and unlawfully used FRS's trademark while collecting debts that are unassociated with FRS. (*See* ECF No. 1 at 9-10.)

Despite efforts to contact Defendants and ascertain their true identities, FRS has been unable to do so. (*See* ECF No. 1 at 12-15, 20-21; ECF No. 15 at 11-12.) But FRS does have certain information that could shed light on Defendants' identities, specifically, the phone numbers Defendants have used to facilitate their debt collection activities and the internet domain name of Defendants' website. (*See* ECF No. 15 at 8-11.) Through its own investigation, FRS has identified third party Telnyx, LLC as the carrier for the phone numbers and third party GoDaddy.com, LLC as the web host of Defendants' website. (*Id.*) FRS has also determined that Defendants have shielded their identities online by using a proxy registration service provided by Domain by Proxy,

1

LLC (a GoDaddy.com, LLC subsidiary). (*Id.* at 10-11.) FRS contacted these third parties to request Defendants' identifying information, but the third parties refused to release the information without a subpoena. (*Id.* at 11-12.) FRS now seeks the Court's leave to serve a Rule 45 subpoena on each of these third parties before a Rule 26(f) conference is held, so that it may identify the Defendants and continue to prosecute this matter. (*Id.* at 3.) FRS also seeks leave to serve a subpoena on any "Reseller", i.e., "any person(s) subsequently determined to have resold, assigned, or leased" any of the phone numbers provided by Telnyx. (ECF No. 10 at 2.) For the reasons stated below, the Court grants the Motion in part and denies the Motion in part without prejudice.

Litigants generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Expedited discovery may be warranted, though, in cases in which the defendant's identity is unknown. *See, e.g.*, *Minnetonka Moccasin Co., Inc. v. Does*, Civ. No. 22-87 (PJS/TNL), 2022 WL 1055746, at *2 (D. Minn. Apr. 8, 2022) (citing *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-778 (PJS/HB), 2018 WL 2278111, at *3 (D. Minn. May 18, 2018)). Although the Eighth Circuit has not articulated a standard governing when expedited discovery is appropriate, courts in this district typically apply a "good cause standard." *Council on Am.-Islamic Rels.—Minnesota v. Atlas Aegis, LLC*, 497 F. Supp. 3d 371, 380 (D. Minn. 2020).

"Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, in consideration of administration of justice, outweighs prejudice to the responding party." *Id.* at 380 (internal quotation marks and citation omitted). In similar cases, courts in this district have applied the factors set forth in *Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010):

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy.

*See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2024 WL 4441764 (D. Minn. Oct. 8, 2024) (finding good cause under the *Arista Records* factors to allow expedited discovery); *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 556 (D. Minn. 2019) (vacating order that denied Strike 3's motion for leave to serve a third-party subpoena based on the *Arista Records* factors).

Applying the *Arista Records* factors to this case, the Court concludes expedited discovery is warranted as to third parties Go Daddy.com, LLC, Domains by Proxy, LLC, and Telnyx, LLC because: (1) FRS has stated at least one actionable claim for trademark infringement;[1] (2) the discovery request is specific in that it seeks the name(s), physical address(es), email address(es), telephone number(s), and any associated IP address(es) of the person(s) or entity(ies) who obtained or paid for proxy or privacy registration services associated with the relevant domain name or to whom, since January 1, 2025, Telnyx LLC assigned or leased each of the phone numbers FRS has identified; (3) there are no alternative ways to obtain the information; (4) the case cannot proceed without each Defendant's identity; and (5) FRS's right to use the judicial process to pursue its claims outweighs Defendants' expectation of privacy, *see Minnetonka Moccasin Co.*, 2022 WL 1055746, at *6 (stating defendants had minimal privacy interests in contact information disclosed to a third-party service provider).

---

[1] "To prove a trademark infringement claim, a plaintiff must show that it has a valid, protectible mark and that there is a likelihood of confusion between its mark and the defendant's mark." *B&B Hardware, Inc. v. Hargis Industries, Inc.*, 569 F.3d 383, 389 (8th Cir. 2009). FRS sufficiently alleges that it is has a valid, protectible mark and that there is a likelihood of confusion between its mark and the Defendants' use of their mark and associated elements as published on their website. (ECF No. 1 at 21-23.)

However, the Court does not find good cause for expedited discovery as to any hypothetical Reseller. FRS has not yet contacted the persons or entities associated with the Telnyx phone numbers. FRS therefore has not had an opportunity to ask them if they are Resellers, and if so, to whom they have resold, assigned or leased the Telnyx phone numbers in question. As a result, FRS cannot show that subpoenaing the Resellers—if in fact any exist—is the only way to obtain the information they seek, or that any information the Resellers might have is necessary to the prosecution of this case. It is certainly possible that, after FRS receives responses to subpoenas served on the other third parties, it may identify relevant Resellers and develop facts establishing that subpoenas on the Resellers are necessary to the prosecution of its case. But until then, that portion of the Motion is premature, and it is therefore denied without prejudice.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Financial Recovery Services, Inc.'s Motion for Leave to Conduct Expedited Discovery is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff may serve subpoenas pursuant to Federal Rule of Civil Procedure 45 on third parties GoDaddy.com, LLC and Domains by Proxy, LLC, seeking only the following limited information:

    a. The name(s), physical address(es), email address(es), telephone number(s), and any associated IP address(es) of the person(s) or entity(ies) ("Subscriber") who registered, paid for, or otherwise obtained the right to use the domain name finrecservices.com.

    b. The name(s), physical address(es), email address(es), telephone number(s), and any associated IP address(es) of the person(s) or entity(ies)

4

      ("Subscriber") who obtained or paid for proxy or privacy registration services associated with the domain name finrecservices.com.

2. Plaintiff may serve subpoenas pursuant to Federal Rule of Civil Procedure 45 on third party Telnyx, LLC, seeking only the following limited information:

    a. The name(s), physical address(es), email address(es), and telephone number(s) of the person(s) ("Subscriber") to whom Telnyx LLC assigned or leased each of the Telnyx Phone Numbers (as defined below) at any time between January 1, 2025 and the present.

    b. The Telnyx Phone Numbers are defined to include: 580-589-1242, 205-839-0243, 585-432-8739, 507-888-8031, 708-746-8271, 848-757-1598, 580-782-4220, 580-634-4131, 580-396-2370, 580-203-9882, 580-860-0938, 580-403-1425, 580-358-4455, 771-213-4299, 580-668-9039, 580-358-4160 and 580-732-8357.

3. Plaintiff may use any information produced in response to the subpoenas only for purposes of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

4. The subpoenas must provide a minimum of **sixty (60) days'** notice before any production is required. Any subpoenaed third party may seek a protective order if it determines there is a legitimate basis for doing so.

5. Subpoenaed third parties shall comply with regulations mandating notice to their Subscribers, to the extent any such regulations may apply.

6. On or before **July 28, 2025**, Plaintiff shall file a status report that outlines the progress of the discovery authorized by this Order.

Dated: May 28, 2025                                  *s/ Dulce J. Foster*
                                                     DULCE J. FOSTER
                                                     United States Magistrate Judge